UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| EUGENE NOLAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 4:11-cv-5 |
| v. | ) |
| | ) *Mattice / Lee* |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) [Doc. 35].[1] Plaintiff seeks a fee award in the amount of $15,364.75.

**I. BACKGROUND**

Plaintiff was denied disability benefits by the Commissioner of Social Security ("Commissioner" or "Defendant"). He appealed that decision, and this Court remanded his claim for further administrative proceedings [Docs. 25, 27 & 28]. Based on his successful appeal to this Court, Plaintiff moved for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d) [Doc. 29]. This Court granted an award of $3,445.20 in attorney's fees for 19.8 hours of attorney work at $174.00 an hour and $495.00 in fees for 9.9 hours of paralegal work at $50.00 an hour, for a total of $3,940.20 [Docs. 33 & 34].

---

[1] This matter has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b). *See In re: Referral of Social Security Cases*, SO-09-01 (Feb. 2009).

On remand, Plaintiff was awarded disability benefits by the Commissioner [Doc. 36 at Page ID # 155]. Plaintiff was represented on a contingency fee agreement, pursuant to which Plaintiff's counsel would receive 25% of any past-due benefits award [Doc. 36-2 at Page ID # 161-62]. Accordingly, 25% of that award, or $15,364.75, was withheld by the Commissioner to pay Plaintiff's attorney [Doc. 36 at Page ID # 155-56]. Plaintiff's counsel now moves for an award of fees in the amount of $15,364.75 [Doc. 35 at Page ID # 153].

In support of his motion, Plaintiff has submitted documentation including a memorandum in support, the contingency fee agreement, and the benefits award letter from the Social Security Administration [Docs. 36 & 36-2]. Defendant did not respond to this motion for fees, and the Court deems the failure to respond to the motion as a waiver of any opposition to the requested relief pursuant to E.D. Tenn. L. R. 7.2.

## II. ANALYSIS

The Social Security Act allows a claimant to receive a reasonable attorney's fee, but no more than 25% of his past-due benefits, when he receives a favorable judgment. 42 U.S.C. § 406(b)(1). A judgment ordering either the award of benefits or a remand may be considered "favorable" within the meaning of the statute, so long as the claimant is awarded benefits "by reason of" the judgment. *Id.*; *see also Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006).

An award under § 406(b) differs from an EAJA award, which uses the "lodestar" concept to set a reasonable hourly rate for fees. *Rodriquez v. Bowen*, 865 F.2d 739, 743-44 (6th Cir. 1989). The percentage-based fee award was designed, instead, to "assure adequate compensation" to the attorney and "encourage attorney representation" by taking into account the
2

inherent risk in pursuing an uncertain claim. *Id.* at 744. The fee awarded, however, must nonetheless be reasonable in light of the services provided by the attorney. *Id.* at 745.

In assessing the reasonableness of a fee request, courts should consider whether a fee agreement has been executed between the claimant and the attorney. *Id.* at 746. If so, the court should consider the timing of the agreement—i.e., whether it was executed before litigation commenced or after victory was already certain. *See Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 856-57 (6th Cir. 1997). The court should also consider the agreement's terms. *Rodriquez*, 865 F.3d at 746. If the agreement states the attorney will be paid a certain percentage within the statutory range, it is entitled to a rebuttable presumption of reasonableness. *Id.* A deduction from the amount specified by agreement should generally be made only when the claimant's counsel was ineffective or unduly delayed the litigation or where the award would be a "windfall" because of an "inordinately large benefit award" or "minimal effort expended." *Id.*

In light of these principles I **FIND** the fee request to be reasonable. The request is supported by a contingency fee agreement that was executed when Plaintiff retained his counsel, and is therefore entitled to a rebuttable presumption of reasonableness. I do not find that Plaintiff's counsel was in any way ineffective. Rather, Plaintiff prevailed on the issue he brought before the court. Nor do I find that Plaintiff's counsel improperly delayed the litigation. To the contrary, Plaintiff did not request any extensions of the Court's deadlines, and filed his dispositive motion and brief on time [Docs. 13 & 14]. Furthermore, I do not find that the award would be a windfall. Plaintiff's benefit award is not inordinately large. *See*, *e.g.*, *Salvo v. Comm'r of Soc. Sec.*, 751 F. Supp. 2d 666 (S.D.N.Y. 2010) ($28,934.00 award under § 406); *Trejos v. Comm'r of Soc. Sec.*, No. 6:07-cv-1100-Orl-28GJK, 2010 WL 2854234 (M.D. Fla. 2010) ($16,889.05 award under § 406). In addition, Plaintiff's counsel expended more than minimal effort in adjudicating

3

this case. In sum, the Commissioner has not identified, and the undersigned has not found, any reason to doubt the reasonableness of the fee request.

I further **FIND** that the EAJA fee award of $3,940.20 must be credited to Plaintiff, as Plaintiff's counsel is not entitled to attorney's fees under both EAJA and § 406(b). *See Jankovich v. Bowen*, 868 F.2d 867, 870-871 (6th Cir. 1989); *Tharp v. Comm'r of Soc. Sec.*, 2011 WL 3438431, at *8 (S.D. Ohio Aug. 5, 2011) (stating that attorneys must refund the smaller fee to the claimant when both EAJA and § 406(b) fees are awarded).

### III. CONCLUSION

Accordingly, I **RECOMMEND**[2] Plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) [Doc. 35] be **GRANTED** and Plaintiff's counsel be awarded fees in the amount of **$11,424.55**, which represents the 25% of past-due benefits subject to the EAJA offset of $3,940.20, which is to be refunded to Plaintiff.

<span style="text-align:right">s/ *Susan K. Lee*<br>SUSAN K. LEE<br>UNITED STATES MAGISTRATE JUDGE</span>

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).